**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BILLY WADE KEY, also known as
B.W. Key, also known as Billy Wade
Key, Jr., also known as Billy W. Key,
also known as Billy Key,

    Defendant-Appellant.

No. 00-6343

(D.C. No. 00-CR-75-C)
(W.D.Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Billy Wade Key appeals his sentence imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), following his plea of guilty to knowingly possessing a firearm in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). We affirm.

On June 6, 2000, Key was indicted on one count of "knowingly possess[ing] a firearm, that is a Charter Arms .38 caliber revolver . . . which was in and affecting interstate commerce . . . in violation of Title 18 United States Code, Section 922(g)(1), the penalty for which is found in Title 18, United States Code, Section 924(a)(2)." R. Vol. I, Doc. 1 at 1-2. Key entered a plea of guilty on July 7, 2000. The government filed a notice that it would seek imposition of a sentence under the enhanced penalty provisions of the ACCA. Key filed his objections, arguing imposition of a sentence under § 924(e)(1) would violate Apprendi v. New Jersey, 530 U.S. 466 (2000), because he "was not charged with nor did he plead facts showing he had been previously convicted of three or more violent or drug felonies." R. Vol. I, Doc. 21 at 2. On September 28, 2000, the district court sentenced Key to a term of imprisonment of 180 months.

On appeal, Key contends, under Apprendi, the district court erred in sentencing him under the ACCA to fifteen years in prison when the indictment charged him under a statute that carried a maximum penalty of ten years. Key acknowledges this court's recent decision in United States v. Dorris, 236 F.3d 582, 586-88 (10th Cir. 2000),

2

expressly rejected the argument he makes here.  In <u>Dorris</u>, we held that <u>Apprendi</u> failed to overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which held that prior felony convictions are mere sentence enhancements and not elements of an offense. Key states he brought this appeal to preserve the issue because he anticipates <u>Dorris</u> will be overruled.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge